UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN TRAPP, #770672, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:23-cv-5 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| R. WHITE, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Steven Trapp, a prisoner held by the Michigan Department of Corrections, filed this lawsuit.  Defendant White filed a motion for summary judgment asserting that Plaintiff failed to properly exhaust his administrative remedies (ECF No. 20).  The Magistrate Judge issued a report recommending the Court grant Defendant's motion (ECF No. 22).  Plaintiff filed objections (ECF No. 25).   The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge concludes Plaintiff failed to properly exhaust his administrative remedies prior to filing the lawsuit.  Plaintiff was issued a Class I misconduct ticket and was required to raise retaliation during the hearing, which he did not do.  And, Plaintiff did not raise retaliation in his appeal.  Under these circumstances, MDOC would need to waive the requirement (to raise retaliation during the misconduct proceeding) by addressing a grievance on the merits.  MDOC did not consider Plaintiff's grievances.

Most of Plaintiff's objections do not address these findings.  The administrative remedies were available to Plaintiff—the misconduct hearing and appeal—but Plaintiff did not raise the retaliation issue during that process.  The Court declines Plaintiff's invitation to infer that he raised the possibility of retaliation—he did not.  Neither the notes of the hearing nor Plaintiff's appeal are vague.  MDOC did not consider Plaintiff's subsequent attempt to file a grievance and, therefore, MDOC did not waive the requirement.

Accordingly, the Court **ADOPTS** the report and recommendation (ECF No. 22). The Court **GRANTS** Defendant's motion for summary judgment (ECF No. 20).  **IT IS SO ORDERED.**

Date:    September 18, 2024                                    /s/  Paul L. Maloney
                                                                          Paul L. Maloney
                                                                  United States District Judge